

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

In the Matter of the Application for Release of
Wanda Allen,

               Petitioner

**ORDER**
[MHL '9.31]

A Patient Admitted to
Erie County Medical Center Corporation
               Respondent

Index No: 817596/2024

      The petitioner having been confined at the above-named hospital pursuant to medical certification which expires on January 20, 2025, and having demanded a hearing on the question of need for involuntary care and treatment and a hearing having been held on December 18, 2024, and the petitioner having failed to appear, and respondent hospital having appeared by Daniel C. Collins, Esq., counsel to Magavern Magavern Grimm LLP,

      And respondent having requested that petitioner's demand for release be dismissed due to petitioner's failure to appear;

      And due deliberation having been had,

      IT IS HEREBY

      **ORDERED,** that the petitioner's demand for release is dismissed without prejudice, and it is further,

      **ORDERED,** the County Clerk shall seal all papers filed in this proceeding and may not exhibit the court record to anyone other than a party or, by Order of the Court, someone properly interested. Any publication of this matter, or reference made thereto, shall identify the subject of the petition by first and last initial.

Dated:  December 18, 2024

                                     *Paula L. Feroleto*
                                 Hon. Paula L. Feroleto, J.S.C.

Federal Rules of Appellate Procedure Form 1.  Notice of Appeal to a Court of Appeals
From a Judgment or Order of a District Court.

United States District Court for the District of

_Northern New York_

File Number _8/8596/2024_

_ALLEN, WANDA_

         *Plaintiff,*    )
                    )
    v.            )        Notice of Appeal

_Erie County Medical Center_
_Corporation, Corp._
                    )
        *Defendant.*    )

Notice is hereby given that _____, (plaintiffs)
(defendants) in the above-named case*, hereby appeal to the United States Court of Appeals for
the _____ Circuit (from the final judgment) (from an order (describing it)) entered in this
action on the __4__ day of _December, 2024_

_City Court_
_of Buffalo NY_
_State of New York_
_Supreme Court of_
_Erie County._

/s/ _____

Attorney for _____

Address: _____

_____

*See Rule 3(c) for permissible ways of identifying appellants



At a Special Term of the Supreme
Court held in and for the County
of Erie at Erie County Medical
Center Corporation, 462 Grider
Street, 5th Floor, Buffalo, New
York on the 4th day of December,
2024.

PRESENT:   HON. KELLY A. VACCO, J.S.C.
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

In the Matter of the Application of                    **ORDER**

Erie County Medical Center Corporation,

For an Order Authorizing the Involuntary Treatment of    Index No.:
                                                         817596/2024
WANDA ALLEN

A Patient

Upon the reading of the Notice of Petition with attached Verified Petition of Kerry Keleher, Risk Management Department, as Designee of Thomas J. Quatroche, Jr., Ph.D., Chief Executive Officer of Erie County Medical Center Corporation, sworn on the 25th day of November, 2024, the affidavit of Michael Guppenberger, M.D., sworn on the 25th day of November, 2024; and the affidavit of Yogesh Bakhai, M.D., sworn on the 27th day of November, 2024; and upon proceedings had before this Court on the 4th day of December, 2024, appearing the petitioner, by its attorney, Emily H. O'Reilly, Esq., of Magavern Magavern Grimm LLP; and the patient having not been present and represented by her attorney, Elizabeth Fortino, Esq., Director, Mental Hygiene Legal Service, Fourth Judicial Department, and Aileen M. McNamara, Esq., having been

/SCEF DOC. NO. 11

RECEIVED NYSCEF: 12/04/2024

appointed by the Court; and the patient having not been; and upon hearing the testimony of Michael Guppenberger, M.D., and the patient, WANDA ALLEN, did not also testify; and due deliberation having been had;

And, it appearing to the satisfaction of the Court that the patient, WANDA ALLEN, does not have the capacity to make a reasoned decision regarding treatment and the potential benefits of said treatments do outweigh potential risks thereof, it is hereby;

ORDERED, that the Application of an Order Authorizing Treatment is hereby granted as follows:

Risperdal up to 6 mg by mouth, or Zyprexa up to 30 mg intramuscularly if refusing oral Risperdal. Invega Sustenna intramuscularly with loading dose of 234 mg, then 156 a week later, then up to 234 mg monthly. Alternatively, Haldol up to 30 mg (intramuscularly if refuses oral medication) and Haldol Decanoate intramuscularly up to 200 mg monthly.

Such treatment/medications will be monitored and adjusted if the patient responds with an unfavorable medical condition. This Order shall be effective until the end of the patient's current legal status, which expires on January 20, 2025, and it is further

ORDERED, that the County Clerk shall seal all papers filed in this proceeding and may not exhibit the Court record to anyone other than a party, or, by Order of the Court, someone properly interested. Any publication of this matter, or reference made thereto, shall identify the subject by first and last initial.

ENTERED: Buffalo, New York

12-4-2024

Hon. Kelly A. Vacco, J.S.C.

2



M001498594    11/20/24
ALLEN.WANDA
DOB: ████    59    SEX:F
V00007862241    ER

LEGAL STATUS RECORD DEPARTMENT OF
PSYCHIATRY  (PG 1 OF 2)

**ECMC**
ERIE COUNTY MEDICAL CENTER
CORPORATION

| DATE | Note status, change in status and all other related data. |
|---|---|
| | Patient was notified of his/her admission under the rights of the |
| | 9.13 Status |
| | Minor 9.13 Status |
| | 9.15 Status |
| 11/21/24 | 9.27 Status |
| | 9.37 Status |
| | 9.39 Status |
| | 9.40 Status |
| | He/She appeared to comprehend: |
| | Yes: |
| | No: |
| | Patient should be readvised: |
| | Yes: |
| | No: |
| | Patient was given hospital rights and responsibilities |
| | Yes: |
| | No: |
| | Staff Signature: |
| 11/29 | Petition Given |
| 12/2 | Court Papers Faxed & Given |
| 12/5 | Moo 1/20  —  NYS Mental Hygiene M00-A Is active until January 20th 2025 |

M001498594    11/20/24
ALLEN,WANDA
DOB: ███████ 59    SEX:F
V00007862241    ER

LEGAL STATUS RECORD DEPARTMENT OF
PSYCHIATRY  (PG 2 OF 2)

ECMC
ERIE COUNTY MEDICAL CENTER
CORPORATION

ADM.LGL.039

At a Special Term of the Supreme
Court held in and for the County
of Erie at Erie County Medical
Center Corporation, 462 Grider
Street, 5th Floor, Buffalo, New
York on the 4th day of December,
2024.

PRESENT:   HON. KELLY A. VACCO, J.S.C.
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

In the Matter of the Application of

Erie County Medical Center Corporation,

For an Order Authorizing the Involuntary Treatment of

WANDA ALLEN

A Patient

**ORDER**

Index No.:
817596/2024

Upon the reading of the Notice of Petition with attached Verified Petition of Kerry
Keleher, Risk Management Department, as Designee of Thomas J. Quatroche, Jr., Ph.D.,
Chief Executive Officer of Erie County Medical Center Corporation, sworn on the 25th
day of November, 2024, the affidavit of Michael Guppenberger, M.D., sworn on the 25th
day of November, 2024; and the affidavit of Yogesh Bakhai, M.D., sworn on the 27th day
of November, 2024; and upon proceedings had before this Court on the 4th day of
December, 2024, appearing the petitioner, by its attorney, Emily H. O'Reilly, Esq., of
Magavern Magavern Grimm LLP; and the patient having not been present and
represented by her attorney, Elizabeth Fortino, Esq., Director, Mental Hygiene Legal
Service, Fourth Judicial Department, and Aileen M. McNamara, Esq., having been

appointed by the Court; and the patient having not been; and upon hearing the testimony of Michael Guppenberger, M.D., and the patient, WANDA ALLEN, did not also testify; and due deliberation having been had;

And, it appearing to the satisfaction of the Court that the patient, WANDA ALLEN, does not have the capacity to make a reasoned decision regarding treatment and the potential benefits of said treatments do outweigh potential risks thereof, it is hereby;

ORDERED, that the Application of an Order Authorizing Treatment is hereby granted as follows:

Risperdal up to 6 mg by mouth, or Zyprexa up to 30 mg intramuscularly if refusing oral Risperdal. Invega Sustenna intramuscularly with loading dose of 234 mg, then 156 a week later, then up to 234 mg monthly. Alternatively, Haldol up to 30 mg (intramuscularly if refuses oral medication) and Haldol Decanoate intramuscularly up to 200 mg monthly.

Such treatment/medications will be monitored and adjusted if the patient responds with an unfavorable medical condition. This Order shall be effective until the end of the patient's current legal status, which expires on January 20, 2025, and it is further

ORDERED, that the County Clerk shall seal all papers filed in this proceeding and may not exhibit the Court record to anyone other than a party, or, by Order of the Court, someone properly interested. Any publication of this matter, or reference made thereto, shall identify the subject by first and last initial.

ENTERED: Buffalo, New York

12-4-2024

_____
Hon. Kelly A. Vacco, J.S.C.

Form OMH 467 (MH) (1-89)

State of New York
Office of Mental Health

| Patient's Name (Last, First, M.I.) | | C. No. |
|---|---|---|

M001498594      11/21/24   MCDOSOTH
ALLEN,WANDA
DOB: ████████ 59    SEX:F
V00007862241      PSY

## REQUEST FOR COURT HEARING

(Before Signing See Information Below)

| Facility Name | | | Unit/Ward/Residence No. |
|---|---|---|---|
| | Admission Date | | Current Legal Status |
| | Mo | Day | Yr |

**PART I  REQUEST**

TO:  Facility Director

**I REQUEST THAT A COURT HEARING BE HELD TO DETERMINE WHETHER THE PATIENT NAMED ABOVE IS IN NEED OF INVOLUNTARY HOSPITALIZATION.**

| Signature | Print Name Signed | If Not Patient, State Relationship | Date Signed |
|---|---|---|---|
| X | | | MO  DAY  YEAR |

*[handwritten] sal Appeal 12/2/24*

**PART II  INFORMATION**

### Mental Hygiene Legal Service

The Mental Hygiene Legal Service is an agency of the New York State Supreme Court which provides protective legal services, advice and assistance, including representation, to all patients admitted to psychiatric facilities. Patients are entitled to be informed of their rights regarding hospitalization and treatment, and have a right to a court hearing, to be represented by a lawyer, and to seek independent medical opinion.

There is a Mental Hygiene Legal Service office in many psychiatric hospitals. Where there is no office at the hospital, a representative of the Service visits periodically and frequently. Any patient or anyone in his or her behalf may see or communicate with a representative of the Service by telephoning or writing directly to the office of the Service or by requesting someone on the staff of the patient's ward to make such arrangements for him or her. The Mental Hygiene Legal Service representative for this hospital may be reached at:

> State of New York
> Mental Hygiene Legal Service
> Fourth Judicial Department
> 438 Main St Suite 400
> Buffalo, NY 14202-3211 (716)845-3650

### General Information

Copies of any written request for a Court Hearing, along with a record of the patient, will be forwarded by the Director to the appropriate court and the Mental Hygiene Legal Service.

The Court Hearing will be held in the County in which the facility is located, unless a specific request for another location is made and is permitted by law.

You and other interested parties will be notified by the court as to the time and place of the hearing.

If you have any questions, feel free to ask any staff member of this facility for assistance.

ADM.LGL.027

ECMC    462 GRIDER STREET | BUFFALO, NEW YORK 14215         ECMC.EDU
(716) 898-3000 | (716) 898-5178 FAX

December 2, 2024

*VIA ELECTRONIC MAIL*

Ellis Bozzolo, Chief Clerk
NYS Supreme Court
25 Delaware Ave
Buffalo, NY  14202

      Re:   Name:  **Wanda Allen**
              DOB:  █████
              Unit:  **5 zone 2**
     Physician:  **Michael Guppenberger, M.D.**

Dear Mr. Bozzolo:

Enclosed please find a Request for Court Hearing submitted by the above-named patient who is currently hospitalized on a Mental Health Hygiene Law §9.27 legal status.

Sincerely,

*Martha Mumbach*

Martha Mumbach
Risk Management Department

Enclosures

cc: Emily O'Reilly, Esq.
    MHLS
    Patient medical record
    Patient



Form OMH 457 (M-H) (1/89)

State of New York
Office of Mental Health

## REQUEST FOR COURT HEARING

(Before Signing See Information Below)

Patient's Name (Last, First, M.I.)     C' No.:

11/21/24
M001498594 ·                 MCDOSOTH
ALLEN,WANDA
DOB:          59          SEX:F
V00007862241              PSY

Facility Name                    Unit/Ward/Residence No

Admission Date          Current Legal Status

Mo    Day    Yr

**PART I   REQUEST**

TO:    Facility Director

I REQUEST THAT A COURT HEARING BE HELD TO DETERMINE WHETHER THE

PATIENT NAMED ABOVE IS IN NEED OF INVOLUNTARY HOSPITALIZATION.

| Signature | Print Name Signed | If Not Patient, State Relationship | Date Signed |
| --- | --- | --- | --- |
| X | | | MO   DAY   YEAR |

*sal Appeal 12/2/24*

**PART II   INFORMATION**

### Mental Hygiene Legal Service

The Mental Hygiene Legal Service is an agency of the New York State Supreme Court which provides protective legal services, advice and assistance, including representation, to all patients admitted to psychiatric facilities. Patients are entitled to be informed of their rights regarding hospitalization and treatment, and have a right to a court hearing, to be represented by a lawyer, and to seek independent medical opinion.

There is a Mental Hygiene Legal Service office in many psychiatric hospitals. Where there is no office at the hospital, a representative of the Service visits periodically and frequently. Any patient or anyone in his or her behalf may see or communicate with a representative of the Service by telephoning or writing directly to the office of the Service or by requesting someone on the staff of the patient's ward to make such arrangements for him or her. The Mental Hygiene Legal Service representative for this hospital may be reached at:

State of New York
Mental Hygiene Legal Service
Fourth Judicial Department
438 Main St Suite 400
Buffalo, NY 14202-3211 (716)845-3650

### General Information

Copies of any written request for a Court Hearing, along with a record of the patient, will be forwarded by the Director to the appropriate court and the Mental Hygiene Legal Service.

The Court Hearing will be held in the County in which the facility is located, unless a specific request for another location is made and is permitted by law.

You and other interested parties will be notified by the court as to the time and place of the hearing.

If you have any questions, feel free to ask any staff member of this facility for assistance.

ADM.LGL.027

Erie County Clerk
Buffalo, New York

APPLICATION for INDEX NUMBER
Pursuant to CPLR §8018

APPLICANT MUST PRINT or TYPE ALL THREE SECTIONS

### TITLE of ACTION or PROCEEDING

[ ] THIRD PARTY ACTION

SUPREME COURT, ERIE COUNTY

Date: _12/02/2024_

Erie County Medical Center Corporation,

Plaintiff or Petitioner

V

Wanda Allen,

A Patient at Erie County Medical Center Corporation

Defendant or Respondent

### TYPE OF ACTION

| | | |
|---|---|---|
| [ ] ARTICLE 78 | [ ] HABEAS CORPUS | [ ] PARTITION |
| [ ] CONDEMNATION | [✓] MENTAL HYGIENE | [ ] SMALL CLAIMS APPEAL |
| [ ] CONSERVATOR | [ ] MORTGAGE FORECLOSURE | [ ] TAX CERTIORARI |
| [ ] CONTRACT | [ ] NAME CHANGE | [ ] TORT |
| [ ] FORECLOSURE | [ ] OTHER (Specify:_____ | |

Magavern Magavern Grimm LLP 1100 Rand Building 14 Lafayette Square Buffalo, New York  14203
<small>Name and Address of Attorney for Plaintiff or Petitioner</small>

Mental Hygiene Legal Service, 438 Main Street, Suite 400, Buffalo, NY 14203
<small>Name and Address of Attorney for Defendant or Respondent</small>

-------------------------------------------------------------------------

ERIE COUNTY CLERK
### TITLE of ACTION or PROCEEDING

Endorse this INDEX NUMBER
on ALL PAPERS pertaining
to this Action.

Erie County Medical Center Corportation

Plaintiff or Petitioner

V

Wanda Allen,

A Patient at Erie County Medical Center Corporation

Do not write in this space

Defendant or Respondent

RETAIN THIS COPY for YOUR RECORDS

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

In the Matter of the Application of

ERIE COUNTY MEDICAL CENTER CORPORATION,

Petitioner,

For an Order Authorizing the Involuntary Treatment of          **PETITION**

**Wanda Allen,**

a patient at the Erie County Medical Center Corporation

Kerry Keleher, LPN, Nurse Consultant-Patient Advocacy, as the designee of the Petitioner, Erie County Medical Center Corporation ["ECMCC"], by Thomas Quatroche, Jr., Ph.D., Chief Executive Officer, respectfully states and alleges:

1.    I am the Risk Management Assistant of the Erie County Medical Center Corporation and am the designee of Thomas Quatroche, Jr., Ph.D., Chief Executive Officer, of ECMCC.

2.    As said designee, I am authorized to commence a proceeding pursuant to Mental Hygiene Law §33.03; 14 NYCRR Part 527 for Court authorization to treat **Wanda Allen,** ["the patient"] over objection.

3.    The patient is admitted to ECMCC, and, upon information and belief, is presently suffering from a mental illness for which the patient is refusing treatment.

4.    The patient has been evaluated by **Michael Guppenberger, M.D.** and **Yogesh Bakhai, M.D.,** whose affirmations and evaluations are appended hereto and made a part hereof. The two physicians have determined that the proposed treatment is in the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

YSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/27/2024

patient's best interests and that the patient lacks capacity to make a reasoned decision concerning such treatment.

5.    No previous application has been made for the relief sought herein.

**WHEREFORE,** Petitioner respectfully requests that:

1.    The Court appoint an attorney to represent the patient in these proceedings;

2.    An Order of the Court be granted authorizing involuntary treatment of the patient, including, but not limited to, administration of medication as prescribed by the treating physician; and

3.    Petitioner have such other and further relief as to the Court may deem just and proper.

Kerry Keleher, LPN, Nurse Consultant-Patient
Advocacy
as designee of
Thomas Quatroche, Jr., Ph.D.,
Chief Executive Officer
Erie County Medical Center Corporation

2

his is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
nich, at the time of its printout from the court system's electronic website, had not yet been reviewed and
pproved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
ilings for various reasons, readers should be aware that documents bearing this legend may not have been

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

In the Matter of the Application of

ERIE COUNTY MEDICAL CENTER CORPORATION,

Petitioner,

For an Order Authorizing the Involuntary Treatment of

**PETITION**

**Wanda Allen,**

a patient at the Erie County Medical Center Corporation

---

Kerry Keleher, LPN, Nurse Consultant-Patient Advocacy, as the designee of the Petitioner, Erie County Medical Center Corporation ["ECMCC"], by Thomas Quatroche, Jr., Ph.D., Chief Executive Officer, respectfully states and alleges:

1.  I am the Risk Management Assistant of the Erie County Medical Center Corporation and am the designee of Thomas Quatroche, Jr., Ph.D., Chief Executive Officer, of ECMCC.

2.  As said designee, I am authorized to commence a proceeding pursuant to Mental Hygiene Law §33.03; 14 NYCRR Part 527 for Court authorization to treat **Wanda Allen**, ["the patient"] over objection.

3.  The patient is admitted to ECMCC, and, upon information and belief, is presently suffering from a mental illness for which the patient is refusing treatment.

4.  The patient has been evaluated by **Michael Guppenberger, M.D.** and **Yogesh Bakhai, M.D.,** whose affirmations and evaluations are appended hereto and made a part hereof. The two physicians have determined that the proposed treatment is in the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

YSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 11/27/2024

patient's best interests and that the patient lacks capacity to make a reasoned decision concerning such treatment.

     5.     No previous application has been made for the relief sought herein.

**WHEREFORE,** Petitioner respectfully requests that:

     1.     The Court appoint an attorney to represent the patient in these proceedings;

     2.     An Order of the Court be granted authorizing involuntary treatment of the patient, including, but not limited to, administration of medication as prescribed by the treating physician; and

     3.     Petitioner have such other and further relief as to the Court may deem just and proper.

Kerry Keleher, LPN, Nurse Consultant-Patient
Advocacy
as designee of
Thomas Quatroche, Jr., Ph.D.,
Chief Executive Officer
Erie County Medical Center Corporation

his is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
hich, at the time of its printout from the court system's electronic website, had not yet been reviewed and
pproved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
ilings for various reasons, readers should be aware that documents bearing this legend may not have been

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF ERIE      )         SS:

Kerry Keleher, LPN, Nurse Consultant-Patient Advocacy, as designee of Thomas Quatroche, Jr., Ph.D., Chief Executive Officer of the Erie County Medical Center Corporation, being duly sworn, deposes and says:

That I am the designee of the Petitioner named in the foregoing Petition, that I duly executed the same, and that the contents of said Petition are true to my own knowledge, except as to the facts alleged upon information and belief, and that as to those facts, I believe the same to be true.

_____
Kerry Keleher, LPN, Nurse Consultant-Patient
Advocacy
as designee of
Thomas Quatroche, Jr., Ph.D.,
Chief Executive Officer
Erie County Medical Center Corporation

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

Docusign Envelope ID: 81E9C60E-E9EB-4FD8-8A59-D905FF0AF8B4
YSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 11/27/2024

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

In the Matter of the Application of

Erie County Medical Center Corporation

                                 Petitioner,

**NOTICE OF PETITION**

For an Order Authorizing the Involuntary Treatment of

WANDA ALLEN,

Index No. _____

A Patient at the Erie County Medical Center Corporation

      **PLEASE TAKE NOTICE** that a Petition for an Order Authorizing the Involuntary Treatment of WANDA ALLEN pursuant to Mental Hygiene Law §33.03 and 14 NYCRR §527.8, has been made by ERIE COUNTY MEDICAL CENTER CORPORATION, Martha Mumbach, Risk Management Department, as Designee of Thomas J. Quatroche, Jr., Ph.D., Chief Executive Officer, and is supported by the attached affidavits and evaluations of Michael Guppenberger, M.D. and Yogesh Bakhai, M.D., and all prior pleadings and proceedings heretofore had in this matter.

      Said Petition is returnable at the Courthouse, Erie County Medical Center Corporation, 462 Grider Street, 5th Floor, Buffalo, New York, on the 4th day of December, 2024 at 9:30 a.m. or as soon thereafter as counsel can be heard.

Dated: November 27, 2024
       Buffalo, New York

                        MAGAVERN MAGAVERN GRIMM LLP

                        *Emily H. O'Reilly*
                        Emily H. O'Reilly, Esq.
                        Attorneys for Petitioner
                        1100 Rand Building
                        14 Lafayette Square
                        Buffalo, New York 14203
                        (716) 856-3500

his is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
hich, at the time of its printout from the court system's electronic website, had not yet been reviewed and
pproved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
ilings for various reasons, readers should be aware that documents bearing this legend may not have been

Docusign Envelope ID: 67E8C00EE9EB-4F06-9A99-J9J5FFU8F8B4

TO:   WANDA ALLEN
      c/o Erie County Medical Center Corporation
      462 Grider Street
      Buffalo, New York  14215

      Mental Hygiene Legal Service
      438 Main Street - Suite 400
      Buffalo, New York  14202

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been

<u>Affirmation of Service</u>

    Emily H. O'Reilly, Esq., affirms that on November 27, 2024, a true and complete copy of

the foregoing Notice of Petition and supporting documentation will be delivered by hand to the

Mental Hygiene Legal Service by Magavern Magavern Grimm LLP at their address indicated

above, and in accordance with the standard procedure a true and complete copy of the Notice of

Petition and supporting documentation will be hand delivered to the patient by Martha Mumbach

or her designee, an employee of the Erie County Medical Center Corporation.

Dated: November 27, 2024

DocuSigned by:

*Emily H. O'Reilly*

811C767C42D04BE...

Emily H. O'Reilly, Esq.

his is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
hich, at the time of its printout from the court system's electronic website, had not yet been reviewed and
pproved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
ilings for various reasons, readers should be aware that documents bearing this legend may not have been

treatment contained in the attached "Evaluation for Treatment Over Objection" appended to the application herein, is in the patient's best interests.

6. I respectfully request that this Court grant the application for authorization of treatment of **Wanda Allen,** in accordance with the treatment plan described in the attached "Evaluation for Treatment Over Objection".

Date: 11/27/2024

*ybakhai*
**Yogesh Bakhai, M.D.**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

In the Matter of the Application of

ERIE COUNTY MEDICAL CENTER CORPORATION,

Petitioner,

For an Order Authorizing the Involuntary Treatment of

Wanda Allen,

A Patient at the Erie County Medical Center Corporation.

**AFFIRMATION
IN SUPPORT BY
REVIEWING
PHYSICIAN**

STATE OF NEW YORK      )
COUNTY OF ERIE         )      ss
                       )

**Yogesh Bakhai, M.D.** being duly sworn, deposes and says:

1.  I am a physician duly licensed to practice in the State of New York.

2.  I affirm under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

3.  I submit this Affirmation in support of the application of the Erie County Medical Center Corporation to treat **Wanda Allen,** ("the patient") over objection in accordance with Mental Hygiene Law §33.03; 14 NYCRR §527.8.

4.  I have completed an evaluation of the patient by reviewing the patient's records and physically examining the patient.

5.  It is my opinion and belief that the patient is presently suffering from a mental illness, lacks capacity to make a reasoned decision concerning treatment, and that the proposed

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

In the Matter of the Application of

ERIE COUNTY MEDICAL CENTER CORPORATION,

Petitioner,

For an Order Authorizing the Involuntary Treatment of

Wanda Allen,

a Patient at the Erie County Medical Center Corporation.

**AFFIRMATION
IN SUPPORT BY
TREATING
PHYSICIAN**

STATE OF NEW YORK    )
COUNTY OF ERIE    )    SS

Michael Guppenberger, M.D.    being duly sworn, deposes and says:

1.    I am a physician duly licensed to practice in the State of New York.

2.    I affirm under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

3.    I submit this Affirmation in support of the application of the Erie County Medical Center Corporation to treat    Wanda Allen,    ["the patient"] over objection in accordance with Mental Hygiene Law §33.03; 14 NYCRR §527.8.

4.    I am familiar with the patient in that I am the patient's treating physician, and I have formally evaluated the patient's condition.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

1 of 2

NYSCEF DOC. NO. 4

RECEIVED NYSCEF: 11/27/2024

5.    It is my opinion and belief that the patient is presently suffering from a mental illness and lacks capacity to make reasoned decisions concerning treatment. The basis for the opinion is described in the "Evaluation for Treatment Over Objection" that is appended hereto and incorporated herein by reference.

6.    Having taken into consideration the risks, benefits, and alternatives to treatment, as well as the nature of the patient's objection to the treatment, it is my opinion that it would be in the best interests of the patient to be treated according to the proposed course of treatment outlined in the attached "Evaluation for Treatment Over Objection."

7.    For the above-stated reasons, I respectfully request that this Court grant the application for authorization of treatment of                Wanda Allen,                in accordance with the treatment plan described in the attached Evaluation.

Date: 11/25/2024

*Michael T Guppenberger MD*

Michael Guppenberger, M.D.

his is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
hich, at the time of its printout from the court system's electronic website, had not yet been reviewed and
pproved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
ilings for various reasons, readers should be aware that documents bearing this legend may not have been